## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### Rock Hill Division

| | |
|---|---|
| RAYMOND BUSCARINO, and WILLIAM JUSTIN STEINBERG, On Behalf of Themselves and Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TQ LOGISTICS, INC. | ) ) |
| Defendant. | ) |

Civil Action No.: 0:08-cv-03882-JFA

## PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

Come now, Plaintiffs Raymond Buscarino and William Justin Steinberg, by counsel, and respectfully move the Court for an Order authorizing this action against Defendant TQ Logistics, Inc. to proceed as a collective action, and facilitating the collective action through discovery of, and notice to potential parties to the action. Plaintiffs state as follows in support of the motion:

1.    The Plaintiffs, both of whom are current or former Shuttle Drivers of TQ Logistics, filed this action against TQ Logistics pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 701, et seq.*, on behalf of themselves and other current and former similarly situated employees of TQ Logistics, seeking payment of unpaid overtime compensation.

2.    Pursuant to 29 U.S.C. §216(b), the FLSA's "collective action" provision, one or more employees may bring an action for overtime compensation "for and in behalf of himself or themselves and other employees who are similarly situated." Under §216(b), those employees who wish to participate in a collective action under the FLSA must

affirmatively "opt in" by giving written consent to join in the action as a party.

3. The Plaintiffs are "similarly situated" in their job duties and manner of compensation to all drivers who were employed by TQ Logistics and performed spotter services for TQ Logistics from November 26, 2004 to the present

4. TQ Logistics performs transportation logistics for its customers out of 28 locations throughout the country.

5. Plaintiff Raymond Buscarino worked as a driver for TQ Logistics for the time period beginning approximately June 2008 and ending on November 2008.

6. Plaintiff William Justin Steinberg worked as a driver for TQ Logistics for the time period beginning in May 2008 through the present.

7. The Plaintiffs' job duties consisted of driving a shuttle truck to move trailers from one location to another within the Bowater Paper facility. The specific duties included: inspecting an empty trailer for defects; moving the empty trailer to the Bowater dock so it can be loaded by Bowater employees; and moving the loaded trailer to another location within the yard where it can be picked up by an over-the-road driver employed by a third-party carrier.

8. TQ Logistics has other employees who perform these same duties at other facilities throughout the country.

9. TQ Logistics pays all of its drivers on an hourly basis, and gives them the opportunity to earn a year-end safety bonus.

10. TQ Logistics requires its drivers to perform overtime work without overtime compensation. TQ Logistics broadly classifies all drivers as exempt from the Fair Labor Standards Act's overtime provisions.

11.     The Plaintiffs regularly worked more than forty (40) hours in a workweek without receiving overtime compensation.

12.     For these reasons, and for the reasons set forth in the accompanying memorandum, Plaintiffs move this Court for authorization to proceed as a collective action for overtime compensation under 29 U.S.C. § 216(b) on behalf of all current and former TQ Logistics employees who performed "spotting services"[1] for TQ Logistics and worked more than forty (40) hours in a workweek without being paid overtime compensation for their overtime hours worked during the time period beginning November 26, 2004 through the present.

13.     Prior to the filing of this motion, counsel for the Plaintiffs conferred with counsel for the Defendant and attempted in good faith to resolve the matter contained herein.

For the foregoing reasons, and for the reasons set forth in the memorandum accompanying this motion, the Court should grant this motion and: (1) authorize this matter to proceed as a collective action, (2) authorize mailing of the proposed Notice (Exhibit A) to all persons who were employed by TQ Logistics, Inc., and performed spotting services during their employment, from November 26, 2004 through the present, (3) authorize a "second mailing" consisting of a postcard reminder of the Notice and opt in period to occur thirty (30) days following the initial sending of the Notice, and (4) order TQ Logistics to produce a list containing the names, addresses, and telephone numbers of all potential opt in plaintiffs in the manner in which it regularly maintained these records so that these potential parties to this action can receive notice of this action.

---

[1] For purposes of this Motion, the term "spotting services" means moving a trailer from one spot on private property to another spot on private property by means of a tractor or shuttle truck.

Respectfully submitted,

RAYMOND BUSCARINO and
WILLIAM JUSTIN STEINBERG,
On Behalf of Themselves and Others
Similarly Situated


By: s/William C. Tucker
William C. Tucker (Federal ID 6187)
Nelson & Tucker, PLC
600 Peter Jefferson Parkway, Suite 100
Charlottesville, Virginia 22911
Telephone: (434) 979-0049
Facsimile: (434) 979-0037
Email: william.tucker@nelsontucker.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Plaintiffs' Memorandum in Support of Their Motion for Conditional Class Certification was served by electronic mail on this 28th day of August, 2009 to the following:

Bruce E. Mitchell, Esq.
April Rich, Esq.
The Mitchell Law Firm
3390 Peachtree Road, NE
Suite 520
Atlanta, Georgia 30326
(404) 262-9488 *Phone*
(404) 231-3774 *Fax*
bmitchell@bemlaw.com
arich@bemlaw.com

Robert D. Moseley, Jr., Esq.
Jason Nutzman, Esq.
300 East McBee Ave.
Suite 500
Greenville, South Carolina 29601
(864) 242-6440 *Phone*
(864) 240-2474 *Fax*
rob.moseley@smithmoorelaw.com
jason.nutzman@smithmoorelaw.com