IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Raymond Buscarino, on behalf of himself and others similarly situated; William Justin Steinberg, on behalf of himself and others similarly situated, | ) ) ) ) ) ) | C/A No.: 0:08-3882-JFA |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| TQ Logistics, Inc., | ) ) | |
| Defendant. | ) ) | |

Through this collective action, plaintiff Raymond Buscarino and ten others seek to recover unpaid overtime compensation allegedly earned while working as spotters for defendant TQ Logistics, Inc., pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219 (2006). Both parties have moved for summary judgment. (ECF Nos. 74, 76.) TQ seeks a ruling that certain provisions of the FLSA, 29 U.S.C. § 213(b)(1), exempt Buscarino and the class from FLSA overtime requirements. Buscarino seeks partial summary judgment on three discrete issues: (1) the appropriate statute of limitations; (2) the applicability of the Motor Carrier Act exception; and (3) the availability of liquidated damages. The parties fully briefed these issues and the court heard argument at a July 19, 2010 hearing. The court now requests additional targeted briefing.

As the court noted at the hearing, it has some concerns over each party's reliance on

interpretive bulletins issued by the Wage and Hour Division of the Department of Labor because of note 1 in Troutt v. Stravola Bros., Inc., 107 F.3d 1104, 1108 n.1 (4th Cir. 1997). The Troutt court appears to expressly prohibit attributing any weight to such bulletins or regulations. However, other circuits appear to reference Wage and Hour Division regulations regularly. See, e.g., Collins v. Heritage Wine Cellars, Ltd., 589 F.3d 895 (7th Cir. 2009) (citing Wage and Hour Division regulations); Bilyou v. Dutchess Beer Distrib., 300 F.3d 217 (2d Cir. 2002) (same). The court requests the parties brief (1) the applicability of Wage and Hour Division bulletins and regulations to this case, and (2) the proper definition of the term "driver" if either party believes that it is other than that definition provided at 49 C.F.R. § 390.5.

Each party should submit one brief, not to exceed 6-pages, addressing these issues on or before July 28, 2010. As this is targeted briefing, the parties will have no opportunity to file a response or reply, though the court may consider additional argument on the motions in its discretion.

IT IS SO ORDERED.

July 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge